**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
JOSEPH SALOMON, individually and doing
business as SALOMON REALTY COMPANY,

                       Plaintiff,                   **MEMORANDUM OF**
                                                                            **DECISION AND ORDER**
              -against-                     07-CV-5021 (ADS)(AKT)

BURR MANOR ESTATES, INC., JEFFERSON
WOODS ESTATES, INC., and SAL
MALGUARNERA,

                       Defendants.
---------------------------------------------------------------X
---------------------------------------------------------------X
SAL MALGUARNERA,

                       Third-Party Plaintiff,

              -against-

JEFFREY FELDMAN and BARRY FELDMAN,

                       Third-Party Defendants.
---------------------------------------------------------------X

**APPEARANCES:**

**NOVAK JUHASE & STERN**
Attorneys for the Plaintiffs
200 Sheffield Street, Suite 205
Mountainside, NJ 07092
      By: Kim S. Juhase, Esq., Of Counsel

**ROSENBERG CALICA & BARNEY LLP**
Attorneys for the Defendants
225 Broadway, Suite 3010
New York, NY 10007
    By: John S. Ciulla, Esq., Of Counsel

**STEINBERG, FINEO, BERGER & FISCHOFF, P.C.**
Attorneys for the Third-Party Defendants
40 Crossways Park Drive
Woodbury, NY 11797
    By: Laurie Sayevich Horz, Esq., Of Counsel

**SPATT, District Judge**.

On December 4, 2007, Joseph Salomon ("Salomon" or "the Plaintiff") filed this suit against Sal Malguarnera ("Malguarnera") and Catherine Castellano as well as Burr Manor Estates, Inc. ("Burr Manor") and Jefferson Woods Estates, Inc. ("Jefferson Woods") (collectively "the Corporate Defendants"), seeking to recover monies allegedly due on certain promissory notes. In turn, Malguarnera filed a third-party action against Jeffrey Feldman and Barry Feldman ("the Feldmans" or "the Third-Party Defendants"), seeking contribution in the event that there is a determination that Malguarnera is liable to Salomon under the promissory notes. Presently before the Court is the Feldmans' motion to vacate the order granting Malguarnera leave to file the third-party complaint. In the alternative, the Feldmans contend that the Court should abstain from exercising jurisdiction over Malguarnera's third-party action because these same parties have a pending case in New York State Supreme Court, Suffolk County.

**I. BACKGROUND**

The Feldmans are accountants, and the owners of the accounting firm Feldman & Company. Malguarnera has been involved in the real estate development and construction industries for thirty years. In 2005, the Feldmans approached Malguarnera and Catherine Castellano with a proposal to form two corporations for the purpose of purchasing and developing fourteen residential lots in Suffolk County. In the fall of 2005, the parties formed the Corporate Defendants for the purpose of acquiring the land and obtaining the construction financing. The Feldmans and both Malguarnera and Castellano each owned a 25% share in the Corporate Defendants and the Feldmans served as corporate officers.

In December of 2005, at the urging of his accountants, namely the Feldmans, the Plaintiff agreed to loan money to the Corporate Defendants in order to facilitate the purchase of the lots. The Plaintiff alleges that, in consideration for the loans, the Corporate Defendants agreed to be held jointly and severally liable for their repayment and Malguarnera and Castellano agreed to guarantee the loans. The Plaintiff further alleges that he and the Feldmans agreed that all of the loan proceeds would be deposited in the bank account of Feldman & Company ("the Feldman Account").

On November 30, 2005, the Plaintiff made his first loan of $500,000 and on December 22, 2005, Barry Feldman executed a promissory note on behalf of Burr

3

Manor for repayment of the full amount. Over the course of the next nineteen months, the Plaintiff wired five loans totaling $1.3 million into the Feldman Account. In each instance, Barry Feldman executed a promissory note in the respective amounts on behalf of the Corporate Defendants. The Plaintiff alleges that Malguarnera and the Corporate Defendants have failed to repay any of these loans. In November of 2007, Jeffrey Feldman executed and delivered Confessions of Judgment on behalf of the Corporate Defendants in favor of the Plaintiff in New York State Supreme Court, Suffolk County.

On December 4, 2007, the Plaintiff commenced this lawsuit against Malguarnera, Castellano, and the Corporate Defendants seeking to recover money allegedly owed under the promissory notes. On October 21, 2008, the Court denied the Defendants' Fed. R. Civ. P. 12(b)(7) motion to dismiss, finding that the Defendants failed to show that the Feldmans were necessary parties within the meaning of Fed. R. Civ. P. 19. Subsequently, the parties filed a stipulation dismissing the Plaintiff's claims as against Castellano.

In a scheduling Order dated February 5, 2009, United States Magistrate Judge A. Kathleen Tomlinson directed the parties to a file a stipulation permitting Malguarnera to file a third-party complaint against the Feldmans by February 20, 2009. Malguarnera and the Plaintiff filed the stipulation on February 26, 2009 and Judge Tomlinson endorsed the stipulation on March 3, 2009. Malguarnera filed a

4

third-party complaint against the Feldmans on March 11, 2009 and subsequently filed an amended third-party complaint on March 25, 2009. By his third-party claim, Malguarnera seeks contribution from the Feldmans in the event that there is a determination that Malguarnera is liable to Salomon under the promissory notes

Malguarnera alleges that the Feldmans never transferred the loan proceeds to the Corporate Defendants and instead used the proceeds for their own benefit. Malguarnera also alleges that when the Feldmans approached him and Castellano about this venture, the Feldmans represented that they would use their personal funds to finance the purchase and development of the lots. Malguarnera maintains that he had no knowledge that the financing was actually being obtained from the Plaintiff and alleges that Barry Feldman had no authority to execute the promissory notes on behalf of him and the Corporate Defendants. Malguarnera also alleges that Jeffrey Feldman improperly signed and executed the Confessions of Judgment on behalf of the Corporate Defendants.

The Feldmans have moved to "dismiss" the amended third-party complaint pursuant to Fed. R. Civ. P. 14(a). In the event that the Court declines to dismiss the amended third-party complaint, the Feldmans urge the Court to stay the third-party claim in light of a pending action in New York State Supreme Court, Suffolk County: <u>Malguarnera, et al. v. Salomon, et al.</u>, Index No: 08-10483.

## II. DISCUSSION

### A.   Standard - Fed. R. Civ. P. 14

Fed. R. Civ. P. 14(a) governs third-party practice in the federal courts. The Rule provides, in relevant part, that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). "Leave of the court must be obtained to file a third-party complaint more than ten days after service of the original answer." Id. Even where leave to file a third-party action has been granted, Rule 14 permits the impleaded party to challenge the third-party complaint. Id.; see also 6 Wright, Miller & Kane, Federal Practice & Procedure § 1460, at 459-60 (2d ed.1990) (explaining that a third-party defendant can move to vacate an order granting leave to file a third-party complaint).

Although the Feldmans frame their application as a motion to dismiss the third-party complaint, it is more appropriately viewed as a motion to vacate the order granting Malguarnera leave to file the third-party complaint. See Id. (noting that courts have viewed a motion to vacate under Rule 14 as the appropriate mechanism where a third-party defendant is not attacking the merits of the third-party claim but the propriety of the impleader). In deciding whether to vacate an order granting leave to a file a third-party complaint under Fed. R. Civ. P. 14(a), courts generally consider: "(1) whether the movant deliberately delayed or was derelict in filing the motion; (2)

whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted." Dipute Resolution Mgmt, Inc. v. Greenberg Traurig, LLP, No. 03-3501, 2004 WL 235270, at *1 (S.D.N.Y. Feb. 9, 2004) (quoting Murphy v. Keller Indus., Inc., 201 F.R.D. 317, 320 (S.D.N.Y. 2001), and Middle Mkt. Fin. Corp. v. D'Orazio, No. 96-8138, 1998 WL 872412, at *2 (S.D.N.Y. Dec. 15, 1998)) (internal quotation marks omitted).

**B.    The Third-Party Defendants' Motion to Vacate**

The Third-Party Defendants do not argue that Malguarnera's third-party claim will unduly delay or complicate the trial. Nor do they challenge the legal sufficiency of Malguarnera's claim. In effect, the Third-Party Defendants have conceded that at least two of the pertinent factors counsel in favor of denying their motion. Nevertheless, the Third-Party Defendants argue that dismissal is warranted here because: (i) Malguarnera unreasonably delayed in filing the third-party complaint; and (ii) they will suffer prejudice if Malguarnera is allowed to proceed with his third-party claim. The Court will address both of these arguments in turn.

**1.  Unreasonable Delay**

The Feldmans contend that Malguarnera was derelict in filing the third-party complaint because it was filed more than one year after the underlying action and almost five months after the Court denied his motion to dismiss. Malguarnera offers

several explanations for the delay. First, Malguarnera claims that he had no reason to incur the cost of filing and litigating a third-party action while his motion to dismiss the Plaintiff's complaint was pending. Second, Malguarnera maintains that the nearly five month delay between the Court's decision on the motion and the actual filing of the third-party action was attributable to the fact the parties were engaged in settlement negotiations during that period. According to Malguarnera, he sought to avoid filing a third-party claim until it was clear to him that a settlement could not be reached. Third, Malguarnera explains that he delayed in filing the third-party action because he believed that the Plaintiff would eventually add the Feldmans as Defendants in this action.

Malguarnera's delay in filing the third-party complaint was considerable; particularly in light of the fact that he has maintained from the outset of the Plaintiff's action that the Feldmans were liable under the promissory notes. However, he has offered several plausible explanations for the delay. Under the circumstances, this factor does not clearly support the Third-Party Defendants' position.

**2. Prejudice to the Third-Party Defendants**

The Feldmans appear to be concerned that allowing the third-party action to proceed will force them into an accelerated discovery schedule. However, the Feldmans fail to offer—and the Court is unable to find—any authority suggesting that

such a minimal degree of prejudice would counsel in favor of vacating the order granting Malguarnera leave to file the third-party complaint.

Thus, three of the four relevant factors do not support granting the Feldmans' motion. The fact that there was a considerable delay in filing the action does not, standing alone, warrant dismissal in this case. This is particularly true where Malguarnera has offered plausible excuses for the delay. Accordingly, the Third-Party Defendants' motion to vacate the order granting Malguarnera leave to file a third-party complaint is denied.

**C**. **Whether the Court Should Abstain from Exercising Jurisdiction**

The Feldmans also argue that the Court should abstain from exercising jurisdiction over the third-party action because there is a proceeding involving the same parties that is currently pending in New York State Supreme Court, Suffolk County. Malguarnera counters that his third-party claim should proceed in federal court because, although the state court proceeding involves the same parties and arises from the same set of operative facts, the legal issues are materially different.

It is well-established that a district court may stay federal proceedings in favor of a similar cause of action pending in state court. Moses H. Cone Mem'l Hospital v. Mercury Constr. Corp., 460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). However, "the doctrine of abstention . . . is an extraordinary and

narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Colorado River, 424 U.S. at 813. The Supreme Court has explained that abstention is justified "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Id.

The Court's analysis in determining whether abstention is appropriate generally turns on several factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone, 460 U.S. at 16. The relevant factors include: (1) the inconvenience of the federal forum; (2) the avoidance of piecemeal litigation (3) the order in which jurisdiction was obtained by the concurrent forums; (4) whether state or federal law supplies the rule of decision; and (5) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. Moses H. Cone, 460 U.S. at 15-27; Colorado River, 424 U.S. at 818.

No one factor is determinative, and the weight assigned to each factor will vary depending upon the facts of a particular case. Moses H. Cone, 460 U.S. at 15-16. The decision of whether to stay a federal action on the basis that there is a related action pending in state court is ultimately committed to the sound discretion of the district court. Moses H. Cone, 460 U.S. 800; Colorado River, 424 U.S. 800. However, in deciding whether to exercise this discretion, the Supreme Court teaches

that district courts must "ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice . . . to justify," abstention in favor of the related state court proceeding. Moses H. Cone, 460 U.S. at 25-26 (quoting Colorado River, 424 U.S. 800, 818-819).

The Third-Party Defendants have failed to cite, much less analyze, the factors set forth above. However, to the extent that the Court can analyze these factors based upon the limited information provided, the Court finds that it would be inappropriate to stay the third-party action in favor of the state court proceeding. It is clear that the federal forum would be convenient for the parties. The state and federal court where the actions are being litigated are both in Suffolk County and all of the parties except Salomon live in Suffolk County.

The third factor— the order in which jurisdiction was obtained by the concurrent forums—would seem at first blush to favor abstention because the state action was filed in March of 2008, almost a year before the third-party action. However, the priority factor of this balancing test should not simply "be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone, 460 U.S. at 21. Here, because the Third-Party Defendants have failed to address this issue, the Court has no information about the progress of the state court proceeding. The Court, therefore, is unable to adequately analyze this factor.

As to whether state or federal law provides the rule of decision, it is clear that Malguarnera's third-party contribution claim will be governed by state law. The preference for avoiding piecemeal litigation and the issue of whether the state proceeding can adequately protect Malguarnera's rights are critical and related factors in this case. In the state court action, Malguarnera and Castellano seek money damages and certain forms of equitable relief against the Feldmans based on, among other claims, their alleged breach of fiduciary duties owed to the Corporate Defendants. Malguarnera and Castellano have also asserted a claim against Salomon in the state court action for aiding and abetting the Feldmans' alleged breach of fiduciary duty. By contrast, Salomon's federal action concerns the Defendants' liability under the promissory notes. Malguarnera's third-party claim is derivative of Salomon's cause of action in that he seeks contribution in the event that there is a determination that Malguarnera is liable to Salomon under the promissory notes.

Although it would be preferable for these parties to avoid litigating disputes in separate forums, in this case it appears that the actions raise different legal issues. Critically, it is not obvious to the Court from the submissions that the parties' respective obligations under the promissory notes—the principle issue in the federal action—will even be addressed in the state action. For this reason, the Court finds that the state proceeding cannot adequately protect the right to contribution that Malguarnera asserts here. In the absence of any "exceptional circumstances" or

"countervailing interests" supporting abstention, the Court declines to stay the third-party claim in favor of the state court action.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Third-Party Defendants' motion to vacate the order granting Malguarnera leave to file the third-party complaint is **DENIED**, and it is further

**ORDERED**, that the Third-Party Defendants' motion requesting that the Court abstain from exercising jurisdiction over the third-party action is **DENIED**.

**SO ORDERED.**

Dated: Central Islip, New York
July 11, 2009

                                           */s/ Arthur D. Spatt*
                                            ARTHUR D. SPATT
                                     United States District Judge